**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| JULIUS ANTHONY INGRAM, | : | |
| Petitioner | : | |
| VS. | : | 7 : 07-CV-02 (HL) |
| HUGH SMITH, Warden, | : | |
| Respondent. | : | |

**RECOMMENDATION**

The petitioner filed this federal habeas petition challenging his 2003 Lowndes County convictions for malice murder, felony murder, and concealing the death of another. The trial court sentenced the petitioner to life in prison on the malice murder charge, and twenty (20) years on each of the other charges, to be served consecutively to the life sentence. Petitioner's convictions were upheld on direct appeal to the Georgia Supreme Court. *Ingram v. State*, 279 Ga. 132, 610 S.E.2d 21 (2005). Petitioner filed a state habeas petition on September 21, 2005. Following an evidentiary hearing, the state habeas court denied relief and petitioner's application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on November 6, 2006. Petitioner filed his present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 2007.

**Standard of Review**

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal

habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 120 S. Ct. 1495, 1519 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 1522. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 1520. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 120 S. Ct. at 1520)).

Accordingly, the petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In other words, as this is a post-AEDPA case, the petitioner herein may obtain federal habeas relief ***only*** if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court. *Williams*, 120 S. Ct. at 1519.

**Petitioner's Habeas Claims**

In his application for habeas relief, the petitioner sets forth eight grounds for relief.  In **Grounds One through Seven**, the petitioner claims that he received ineffective assistance of counsel at trial.  These identical grounds were raised in petitioner's state habeas petition.

In order to establish that his counsel's representation was constitutionally defective, the petitioner must show (1) that his counsel's representation was deficient, and (2) that the petitioner was prejudiced by his counsel's alleged deficient performance.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985).  The petitioner "must overcome the presumption, that, under the circumstances, the challenged action 'might be considered sound [trial] strategy'".  *Strickland*, 466 U.S. at 688 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  "Our role in collaterally reviewing state judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment."  *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir. 1989).  The two-prong *Strickland* test applies to guilty plea challenges, although the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."  *Strickland*, 466 U.S. at 697.  The court's

determination of prejudice to the petitioner must consider the totality of the evidence before the jury and ask if "the decision reached would reasonably likely have been different absent the errors." *Strickland,* 466 U.S. at 696.

It does not appear, nor has petitioner shown, that the state habeas court's decision in this matter was contrary to or an unreasonable application of federal law. The court cited to and relied on the principles governing ineffectiveness set forth in *Strickland v. Washington*, the clearly established law in this area, and determined that plaintiff's trial counsel provided the plaintiff with effective representation. Relying on the principles of *Strickland* and its incorporation into Georgia law, the court found that counsel was not deficient and did not prejudice petitioner at trial. The facts as found by the state habeas court evidence counsel's effective representation. Therefore, Grounds One through Seven will not support the granting of habeas relief herein.

In **Ground Eight**, the petitioner challenges the sufficiency of the evidence supporting his convictions. The Georgia Supreme Court held that

> The jury was authorized to find that [Petitioner] together with co-defendants Tallman (who was the victim's cellmate) and McCoy decided to rob and murder the victim. On June 26, 2004, the victim spoke with other inmates around 11:00 p.m. before returning to his cell. Just before the lockdown of the cells at 11:30 p.m. other inmates observed [Petitioner], McCoy and Tallman in the cell with the victim, who was positioned under covers in his bunk as though asleep. After lockdown, [Petitioner's] cellmate saw [him] with a gold chain and cross the victim always wore. The victim's death was discovered the following morning. Later that day, [Petitioner] attempted to sell the victim's chain to another inmate. When confronted by the other inmates, [Petitioner] admitted that he killed the victim and threatened to kill another inmate "just like I killed him". In statements the co-defendants gave police, they admitted that they took turns choking the victim until he died and that the three men then placed the victim's body on his bunk and pulled the covers over him.

*Ingram*, 279 Ga. at 132-133.

The court then cited to and relied on the principles governing sufficiency of the evidence set forth in *Jackson v. Virginia.* 443 U.S. 307 (1979), and viewed the evidence in the light most favorable to the verdict. The court concluded that the evidence was sufficient to authorize the jury to find petitioner guilty of the crimes charged beyond a reasonable doubt. The petitioner has now shown that the state court's decision on this issue does not demand deference under § 2254(d). The state court's conclusions regarding the sufficiency of the evidence reveal that its conclusions were neither contrary to nor an unreasonable application of clearly established Federal law. Thus, this court is prohibited from issuing habeas relief on the basis of the petitioner's challenge to the sufficiency of the evidence.

**WHEREFORE, IT IS RECOMMENDED** that petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), petitioner may serve and file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED**, this 2nd day of February, 2010.

                                              **S/G. MALLON FAIRCLOTH**
                                              **UNITED STATES MAGISTRATE JUDGE**